[No. 998. Decided July 18, 1893.]

THE STATE OF WASHINGTON, *on the relation of Samuel G. Morse, Appellant*, v. WILLIAM T. FORREST *et al.*, *Respondents*.

TIDE LANDS — LOCAL BOARDS OF APPRAISERS — NOT SUPERSEDED BY STATE LAND COMMISSION.

The sections of the act of March 26, 1890, providing for local boards of appraisers, and defining their duties in relation to tide lands, are not repealed or affected by the provisions of the "act to provide for the creation of a state board of land commissioners for the management and disposition of the public lands of the state," etc., approved March 15, 1893.

*Appeal from Superior Court, Thurston County.*

*Allen Weir*, for appellant.

*John W. Corson*, and *Crowley & Sullivan*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—This cause arises out of an alleged conflict between the provisions of "An act for the appraising and disposing of the tide and shore lands belonging to the State of Washington," approved March 26, 1890 (p. 431, Laws 1889–90), and "An act to provide for the creation

of a state board of land commissioners for the management and disposition of the public lands of the state, making appropriations therefor, and declaring an emergency," approved March 15, 1893 ( p. 386, Laws 1893). The contention of the respondents is that so much of the act of March 26, 1890, as conflicts with the provisions of the act of March 15, 1893, is repealed, and that sections 3, 5 and 6 of the act of March 26, 1890, providing for local boards of appraisers, and defining their duties in relation to tide lands, are inconsistent with the provisions of the act of March 15, 1893; or, in other words, their contention is that the local board of appraisers provided for in section 3 of the act of 1890 is abolished, and that the official duties of that board devolve upon the board of state land commissioners by virtue of the provisions of the act of March 15, 1893. The act is rambling, and the provisions are disjointed and somewhat incongruous, which makes it a difficult law to construe; but while there are some provisions in the act which, if construed alone, might probably give color to respondents' contention, yet, construing all of the provisions together, such contention plainly cannot be maintained. For instance, while the first part of section 5 provides in general terms that the board of state land commissioners shall have full supervision and control under the law of all public lands, including tide lands, etc., yet its powers are specially defined in the subsequent portion of the section, as follows:

"And that the said board shall, from the date of its assumption of official duties, possess and exercise over all such lands and areas all the authority, power and functions, and shall perform all the duties, which the state land commission, the state school land commission and the state board of equalization and appeal for the appraisement of tide and shore lands, respectively, had and exercised, and which by law heretofore devolved upon and were the functions which they performed; and the said board of state land commissioners is hereby constituted their successor."

Here we find the powers and functions which are specially conferred upon this new commission, viz., the powers and functions that were conferred upon these three old state commissions. If it had been the intention of the legislature to include in the list the local boards of county appraisers, it would doubtless have included them in the enumeration, and, as proof that there was no accidental failure or omission to enumerate a board whose powers and functions were to be abolished by the new commission, the statute repeats the enumeration in the following language:

"And all the provisions of law heretofore applicable to the said state land commission, state school land commission and state board of equalization and appeal, shall, so far as consistent with this act, be deemed, and is hereby made applicable to the said board of state land commissioners hereby created."

And, as if this delegation of power was not sufficiently definite, the legislature proceeded to provide for the transfer of this power as follows:

"That as soon as the said board assumes its official functions, the said 'state land commission,' the said 'school land commission,' and that the said 'state board of equalization and appeal' shall, on demand, forthwith hand over to the said board of state land commissioners all books, records, abstracts, maps, plats, papers, accounts, implements, furniture, and all other state property in their possession or under their control, respectively, as well, also, as that in the office of the late harbor line commission; and that the said 'state land commission,' the 'state school land commission' and the said 'state board of equalization and appeal' shall thereupon and thenceforth cease to exist."

There is no mention made anywhere in the act of the assumption by the new commission of the powers and functions of the local boards of appraisers. There is no provision for them to turn over to the new commission their records, plats, papers, or furniture of any kind; no

legislative announcement that they shall cease to exist. Under any known rule of construction of statutes, the conclusion is irresistible that the legislature did not intend to merge the local appraisers into the land commission, or in any manner interfere with their functions or powers. It has not said so in terms, nor by any reasonable implication; but it does plainly appear to us that the intention of the legislature was to unify these three state commissions enumerated, under the name of "the board of state land commissioners."

The difficulty in construing this act arises from the fact that many of the sections which were evidently intended to apply only to granted lands, and cannot logically apply to tide lands, are not distinguished in their application by the act. Thus, it seems plain to us that section 28 (even if it be conceded that the legislature has power to nullify that which has been done with the sanction of law) has no application to tide lands, but that the appraisement mentioned refers to school lands. This plainly appears from the proviso to the section, as it is evidently an appraisement of the county commissioners which was referred to, and many of the preceding sections evidently have no reference to tide lands.

Without specially reviewing each section, we are satisfied that the act of March 26, 1890, providing for the appointment of a board of appraisers of tide lands, and specifying the duties, has not been repealed; and, as it is conceded that the relator would be entitled to the relief prayed for if such act is sustained, the judgment is reversed, and the cause remanded to the lower court, with instructions to issue the peremptory writ of *mandamus* prayed for.

ANDERS, HOYT, STILES and SCOTT, JJ., concur.